E. L. GONHOT ET AL. *v.* JAS. M. HIPKINS.

[Abstract Kentucky Law Reporter, Vol. 3—613.]

**Jurisdiction of City Court.**

> While the jurisdiction of a city court was limited to cases where the penalty does not exceed $100, if a fine imposed amounts to $1,200, there is a right of appeal, and the judgment might be corrected thereby; and hence the power in the nature of a writ of prohibition could not be exercised over the city court's action in exceeding its jurisdiction.

APPEAL FROM CHRISTIAN CIRCUIT COURT.

February 2, 1882.

OPINION BY JUDGE HARGIS:

The constitution of Kentucky expressly excepts the fees of the commonwealth's attorneys, in penal and criminal cases, from the pardoning and remitting power of the chief executive. Const., Art. 3, § 10. But the charter of the city of Hopkinsville, which is the fundamental law of this case, expressly authorizes

the chairman of the board, with the consent of two-thirds of the members of the board, to remit all fines and penalties "on condition of payment of all costs and fees due the city."    2 Acts 1869-70, Ch. 481, Art. 4, § 7.

The chairman of the board was authorized by the board to remit the fines imposed upon the appellee, Hipkins.   In pursuance of that authority the chairman did remit them upon the condition that Hipkins should pay to the city its costs and fees; having paid those fees and costs we think the whole of the judgments against him were thereby extinguished in the exact manner and on the precise conditions authorized by the city's charter.

There is no exception in this charter, as in the constitution of the state, saving the fees of the city attorney, but the exception embraces the costs and fees of the city alone.   It follows that the executions for $384 of the fines which had been remitted, although issued for the benefit of the city attorney on the ground that his thirty per cent. of the fines was not paid, were illegal and void, as no such unsatisfied judgments existed from which the executions could properly emanate.   The execution of the replevin bonds did not revivify the judgments or impart validity to the executions, and their collection was properly restrained by the chancellor.

While the city court, by the amendment of March 6, 1871 (2 Acts 1871, Ch. 1945, § 7), was limited in its jurisdiction to cases where the penalty does not exceed $100, and the fine imposed upon appellee, Hipkins, by it, by a single judgment, was $1,200, still that judgment might have been corrected on appeal, and we therefore think the power in the nature of a writ of prohibition could not be exercised over that court's action in exceeding the lawful bounds to the extent of fines and penalties it may inflict. But for the reasons indicated the judgment is *affirmed*.

*J. P. Ritter, J. & J. W. Rodman, for appellants.*
*John Feland, for appellee.*